**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**VERNARDE COTTON,**

        **Petitioner,**

**v.**                                **Civil Action No. 3:06cv31**
                                              **(Judge Stamp)**

**WARDEN JOYCE FRANCIS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Motion for Equitable Relief. In the petition, Petitioner asserts that the Bureau of Prisons ("BOP") has unlawfully computed his sentence. On May 2, 2006, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted at that time. Thus, the Respondent was directed to file a response. The Respondent filed a response to the petition on June 20, 2006. Petitioner filed a traverse on July 31, 2006. Accordingly, this case, pending before the undersigned for a report and recommendation pursuant to Standing Order No.2 and LR PL P 83.09, is ripe for review.

### I. Conviction and Sentence

On June 10, 1988, Petitioner was convicted of three counts bank robbery and sentenced to a 60-year term of imprisonment. On October 21, 1988, Petitioner's sentence was modified to a term of 144 months on count one, a five-year probation term on count two, and a concurrent five year term of probation on count three. On November 13, 1989, Petitioner's 144 month sentence was modified to time served on count one. The imposition of a sentence of imprisonment on counts one and two were suspended and Petitioner was placed on probation for five years to run concurrent with

each other and concurrent with the probation on count one. Petitioner was released from custody on November 21, 1989.

On July 9, 1994, Petitioner violated the conditions of his probation and subsequently pled guilty to a new charge of bank robbery. Petitioner was sentenced on December 19, 1994 to a 57-month term of imprisonment. That same day, Petitioner was also sentenced to a probation violation term of 40 years to be served consecutive to his 57 month term of imprisonment. By Order entered on January 9, 2001, the sentencing Court reduced Petitioner's 40 year term of imprisonment to a 30-year term of imprisonment.[1]

## II. Procedural History

**A. The Petition**

In the petition, Petitioner asserts that in accordance with the January 9, 2001 Order of the sentencing court, he is imprisoned under the total 30 year sentence announced in open court on June 10, 1988. Petitioner asserts that the January 9, 2001 Order corrected the probation revocation sentence originally imposed on December 19, 1994. Therefore, because his 30-year sentence originally commenced on June 10, 1998, his term of imprisonment should be computed from that date. However, the BOP has computed his 30-year term as commencing on September 3, 1998. Petitioner asserts that the BOP's computation of his sentence violates his right to due process under the Fifth Amendment.

**B. The Respondent's Response**

In response to Petitioner's application and request for equitable relief, the Respondent asserts

---

[1] Petitioner filed a motion to correct illegal sentence in 2000 based on a variance between the original sentence announced by the district judge in open court (30 years) and the judgment of conviction Order of June 20, 1988 (60 years).

that Petitioner's sentence is being properly computed and that Petitioner is not entitled to relief. In support of this claim, the Respondent offers the following background. On June 20, 1988, Petitioner was sentenced to sixty years imprisonment on three counts of bank robbery in case number 3:88cr70. Petitioners' sentence was eventually reduced to time served. However, Petitioner was placed on probation for a period of five years to begin on November 21, 1989.

On July 9, 1994, Petitioner committed a new bank robbery offense for which he was charged in case number 3:94cr250. Petitioner pled guilty to the new charge and was sentenced to 57 months imprisonment on December 19, 1994. On that same day, Petitioner's probation in case number 3:88cr70 was revoked and he received a forty-year probation revocation sentence. The Judgment and Commitment Order in 3:88cr70 states that Petitioner's forty year probation revocation sentence is to run consecutive to the 57-month sentence Petitioner received in case number 3:94cr250.

On June 26, 2000, Petitioner filed a Rule 35 motion in case number 3:88cr70. In that motion, Petitioner alleged that the sentence pronounced in open court on June 10, 1988 resulted in an aggregate sentence of 30 years. However, in the Judgment and Commitment Order entered on June 20, 1988, Petitioner received a 60-year sentence. Because his 40-year probation revocation sentence exceeded the 30-year sentence pronounced orally, Petitioner asserted that his 40-year probation revocation sentence was illegal. The government did not oppose Petitioner's Rule 35 motion and the Magistrate Judge therefore recommended that Petitioner's motion be granted and his probation revocation sentence be reduced to 30 years. On January 9, 2001, the sentencing court adopted the findings of the Magistrate Judge and granted Petitioner's Rule 35 motion. The Order granting Petitioner's Rule 35 motion specifically states, "The Findings and Recommendation of the United States Magistrate Judge . . . are correct and they are adopted by the Court. Accordingly, the defendant, **Vernarde Cotton is sentenced to the custody of Bureau of Prisons for a total term**

**of imprisonment of 30 years, as announced by the Court in open court on June 10, 1988.**"

Because the January 9, 2001 Order states that Petitioner is to be sentenced as announced by in open court on June 10, 1988, Petitioner asserts that his sentence should be computed as of June 10, 1988, and that his probation revocation sentence cannot be consecutive to his 57-month sentence in 3:94cr250 because that sentence was not in existence on June 10, 1988. The BOP, however, has interpreted the Order of January 9, 2001, to merely modify the length of Petitioner's probation revocation, but nothing else. Therefore, the BOP continues to compute Petitioner's sentences consecutively in accordance with the Judgment and Commitment Order of December 19, 1994. Thus, the BOP has commenced Petitioner's 30 year probation revocation sentence as of September 3, 1998, the date Petitioner's 57 month sentence in case number 3:94cr250 expired.

After Petitioner sought relief in the BOP's administrative remedy process, the BOP contacted the sentencing Judge to ascertain the intent of the January 9, 2001 Order. In a letter to the BOP, the sentencing judge stated that even though Petitioner's Rule 35 motion was granted and Petitioner's sentence was reduced to 30 years, it was still intended that Petitioner's probation revocation sentence run consecutive to his 57-month term in case number 3:94cr250. Therefore, the sentencing judge stated that Petitioner's sentence was intended to commence on September 3, 1998, as computed by the BOP. Accordingly, the BOP denied Petitioner administrative relief because it was computing the Order of January 9, 2001, in accordance with the intent of the sentencing court.

## C. **Petitioner's Traverse**

In his traverse to the Respondent's response, Petitioner asserts that when his 40-year judgment was vacated, the legal status and consecutive sentence provisio of the December 19, 1994 Judgment and Commitment Order became as if they never existed. In other words, the 40-year sentence became a nullity and no rights flow from the December 19, 1994 Order. Petitioner then

4

asserts that his sentence should be computed in accord with 18 U.S.C. § 3568 and that his sentence must be commenced from the date on which he was received at the institution. Since the January 9, 2001 Order directs that Petitioner's sentence be in accordance with the oral pronouncement of June 10, 1998, Petitioner asserts that his sentence should commence as of June 10, 1988, the date he was committed to the place of detention where he would await transportation to the place where he would serve his sentence.

Petitioner next argues that as a general rule, oral pronouncements of a sentence rule. Because the oral pronouncement of June 10, 1988 does not state whether his sentence is consecutive or concurrent to any other sentence, and in fact, his sentence could not have been consecutive because there was no other sentence in existence at that time, his probation revocation sentence should be computed as running consecutive to his 57-month sentence. Petitioners' argument is based on his assumption that the January 9, 2001 Order reinstated the original sentence announced on June 10, 1988 and has no effect.

### III.  Standard of Review

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). Because Petitioners' original federal offense was committed before November 1, 1987, prior custody credit is therefore governed by 18 U.S.C. § 3568. Section 3568 states:

> **Effective date of sentence; credit for time in custody prior to the imposition of sentence**
>
> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is

> received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed . . . No sentence shall prescribe any other method of computing the term.

## IV. Analysis

It appears that Petitioner is under the mistaken impression that the Judgment and Commitment Order issued by the sentencing Court on December 19, 1994, is no longer in effect. However, that is simply not the case. Petitioner filed a Rule 35 motion seeking correction or reduction of his sentence in case number 3:88-070. Petitioners' motion was granted to the extent that his sentence was modified so to not exceed the 30-year sentence that was orally pronounced on June 10, 1988. The sentencing court's Order of January 9, 2001 did not vacate the Judgment and Commitment Order issued on December 19, 1994, it merely modified the length of Petitioner's sentence. To the extent that the Court referenced the oral pronouncement of June 10, 1988, it was merely recognizing that Petitioner was orally sentenced to 30 years on June 10, 1988 and that the oral pronouncement of sentence prevails. Therefore, the Court could not exceed Petitioner's original sentence when determining his probation violation sentence and Petitioner's revocation of probation sentence could not exceed 30-years. To the extent that there is any doubt as to the intent of the January 9, 2001 Order, the sentencing judge has eliminated such doubt in his letter to the BOP. The sentencing judge did not intend to vacate the December 19, 1994 Judgment and Commitment Order when it modified Petitioner's term of imprisonment. Thus, the December 19, 1994 Judgment and Commitment Order still controls with regard to every aspect of Petitioner's sentence except for the length of his sentence. Therefore, the BOP has correctly computed Petitioner's sentence and the petition should be denied.

## V. Recommendation

For the reasons set forth in this Order, it is recommended that Petitioner's Application for Writ of Habeas Corpus Pursuant to § 2241 be DENIED and DISMISSED with prejudice. Accordingly, Petitioner's Motion for Equitable Relief (dckt. 3) should be DENIED.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se petitioner.

DATED: February 13, 2007.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE