```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                     MARTINSBURG
```

**VERNARDE COTTON,**

    **Petitioner,**

**v.**                                           **CIVIL ACTION NO. 3:06CV31**
                                                                 **(STAMP)**

**WARDEN JOYCE FRANCIS,**

    **Respondent.**

### ORDER ADOPTING REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 of United States Magistrate Judge James Seibert (Doc. 16) dated February 13, 2007, and the petitioner's corresponding objections (Doc. 18) filed March 1, 2007. Also before the Court is the Magistrate Judge's Report and Recommendation on the Application to Proceed *in forma pauperis* (Doc. 8) dated May 2, 2006, and petitioner's corresponding objections (Doc. 11) filed on May 12, 2006.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right

to *de novo* review is waived.  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court will conduct a *de novo* review only as to the portions of the reports and recommendations that the petitioner objected.  The remaining portions of the reports and recommendations to which petitioner did not object will be reviewed for clear error.  As a result, it is the opinion of the Court that the Magistrate Judge's Reports and Recommendations (Doc. 8 & 16) should be, and are, **ORDERED ADOPTED**.

In regard to the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, the relevant facts are as follows.  On June 10, 1988, a jury found petitioner guilty of three counts of bank robbery, and petitioner was subsequently sentenced to a sixty year term of incarceration.  Thereafter, petitioner's sentence was reduced to time served and petitioner was placed on a five year period of probation to begin on November 21, 1989.  Subsequently, on December 19, 1994, petitioner plead guilty to an additional bank robbery offense for which he received a fifty-seven month sentence.  In addition to the fifty-seven month term, petitioner received a forty year sentence for his violation of probation, to be served consecutive to the fifty-seven month bank robbery term.  See Judgment and Commitment Order of December 19, 1994 (Case No. 3:88-CR-070-R).

Following the pronouncement of sentence, petitioner filed a Rule 35 motion in regard to the sentence imposed for his probation

violation.  Specifically, petitioner's Rule 35 motion sought a sentencing reduction on the ground that the ultimate sixty year sentence imposed contravened the thirty year aggregate sentence as announced by the sentencing court in June 10, 1988.  Ultimately, petitioner's Rule 35 motion was successful and the probation revocation sentenced was reduced not to exceed a total term of thirty years incarceration.  In doing so, the sentencing court stated that, "Vernarde Cotton is sentenced to the custody of Bureau of Prisons for a total term of imprisonment of 30 years, as announced by the Court in open court on June 10, 1988." <u>See</u> Order of January 9, 2001 (3:88-CR-070-R).  It bears mention that no where in the January 9, 2001 Order did the sentencing court seek to amended the consecutive nature of the sentence imposed with his additional count of bank robbery, for which defendant was sentenced on December 19, 1994.

In support of the Petition for Writ of Habeas Corpus, petitioner argues that January 9, 2001 Order granting his Rule 35 Motion had the effect of vacating the Judgment Commitment Order of December 19, 1994, for petitioner's probation violation, in its entirety.  Petitioner further asserts that because his subsequent fifty-seven month sentence was not in existence at the time of the June 10, 1998 sentencing, it cannot properly be considered to run consecutive. As such, petitioner contends that pursuant to 18 U.S.C. § 3568, then in effect when his original offenses were

committed, his sentence must commence from the date on which he entered in the institution. Thus, according to petitioner, his sentence should have commenced as of June 10, 1988.

In reviewing the Magistrate Judge's Report and Recommendation (Doc. 13) in light of petitioner's objections, the Court is of the opinion that the January 9, 2001 Order merely served to modify the length of petitioner's sentence and did not serve to vacate the December 19, 1994 Judgment Order in its entirety. To conclude otherwise would require the Court to ignore the plain meaning of January 9, 2001 Order, where the only reference to the June 10, 1988 decision occurs in a clause immediately following the total term of imprisonment imposed. The Court further notes that its interpretation arises from the clear language within the four corners of the Order and the Court does not perceive a need to look to extraneous correspondences to supplant its meaning. As such, and in spite of petitioner's suggestions to the contrary, the Court finds that the condition of the December 19, 1994 Judgment directing that the term for violation of probation be served consecutively remains in effect.

In regard to the Magistrate Judge's Report and Recommendation on Petition to Proceed *in forma pauperis* (Doc. 8), the Court finds that the petitioner possessed adequate funds at the relevant period of inquiry. Therefore, the Court agrees with the Magistrate Judge's recommendation that the petitioner's request to proceed

without prepayment of funds be denied.

For the foregoing reasons and those stated more fully in the Reports and Recommendations of the Magistrate Judge (Doc. 8 & 16) the Court **ORDERS** as follows:

1. That Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED**, and petitioner is hereby **ORDERED** to pay the $5.00 filing fee;

2. That Petitioner's Motion for Writ of Habeas Corpus (Doc. 1) and Motion for Equitable Relief (Doc. 3) are **DENIED** and **DISMISSED WITH PREJUDICE**. It is further ORDERED that this action shall be **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record.

DATED this 12th day of March, 2007.

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE