```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

VERNARDE COTTON,

       Petitioner,

v.                                          Civil Action No. 3:06CV31
                                                              (STAMP)

WARDEN JOYCE FRANCIS,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**DENYING PETITIONER'S MOTION TO RECONSIDER**

                I.   Procedural History

On March 28, 2006, the pro se[1] petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On the same date, he also filed a motion for equitable relief and a motion for leave to proceed in forma pauperis.[2] This case was assigned to Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09.

The magistrate judge issued two reports, one recommending that the petitioner's § 2241 petition and his motion for equitable relief be denied, and the other recommending that the petitioner's motion for leave to proceed in forma pauperis be denied. This Court subsequently entered an order adopting both reports and

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

    [2]"In forma pauperis" describes the permission granted to a poor person to proceed without liability for court fees or costs. Black's Law Dictionary 779 (7th ed. 1999).

recommendations. The petitioner timely filed a motion to reconsider this Court's denial of his § 2241 petition and his motion for equitable relief, pursuant to Federal Rule of Civil Procedure 59(e), which permits the filing of a motion to alter or amend judgment within ten days after the entry of the judgment. Fed. R. Civ. P. 59(e).[3] For the reasons set forth below, this Court finds that the petitioner's motion for reconsideration must be denied.

## II. Facts

The facts of this case have been previously set forth as follows in this Court's March 12, 2007 order adopting the magistrate judges' reports and recommendations:

> On June 10, 1988, a jury found petitioner guilty of three counts of bank robbery, and petitioner was subsequently sentenced to a sixty year term of incarceration. Thereafter, petitioner's sentence was reduced to time served and petitioner was placed on a five year period of probation to begin on November 21, 1989. Subsequently, on December 19, 1994, petitioner plead guilty to an additional bank robbery offense for which he received a fifty-seven month sentence. In addition to the fifty-seven month term, petitioner received a forty[-]year sentence for his violation of probation, to be served consecutive to the fifty-seven month bank robbery term. See Judgment and Commitment Order of December 19, 1994 (Case No. 3:88-CR-070-R).
>
> Following the pronouncement of sentence, petitioner filed a Rule 35 motion in regard to the sentence imposed for his probation violation. Specifically, petitioner's Rule 35 motion sought a sentencing reduction on the ground that the ultimate sixty year sentence imposed

---

[3]The petitioner does not seek review of this Court's denial of his motion for leave to proceed in forma pauperis.

> contravened the thirty year aggregate sentence as
> announced by the sentencing court in June 10, 1988.
> Ultimately, petitioner's Rule 35 motion was successful
> and the probation revocation sentenced was reduced not to
> exceed a total term of thirty years incarceration. In
> doing so, the sentencing court stated that, "Vernarde
> Cotton is sentenced to the custody of Bureau of Prisons
> for a total term of imprisonment of 30 years, as
> announced by the Court in open court on June 10, 1988."
> See Order of January 9, 2001 (3:88-CR-070-R). It bears
> mention that no where in the January 9, 2001 Order did
> the sentencing court seek to amended the consecutive
> nature of the sentence imposed with his additional count
> of bank robbery, for which defendant was sentenced on
> December 19, 1994.

(Order Adopting Reports and Recommendations of Magistrate Judge, March 12, 2007, at 2-4.)

On March 28, 2006, the petitioner initiated his application for habeas corpus pursuant to 28 U.S.C. § 2241 and filed a motion for equitable relief. In his pleadings, the petitioner asserted that the Bureau of Prisons ("BOP") has unlawfully computed his sentence. According to the petitioner, the January 9, 2001 order granting his Rule 35 Motion effectively vacated in its entirety the judgment and commitment order of December 19, 1994--issued for the petitioner's probation violation--and that because his subsequent fifty-seven month sentence had not been imposed at the time of the June 10, 1998 sentencing, it cannot properly be considered to run consecutively. The petitioner contended that as a result, 18 U.S.C. § 3568, which was in effect when he committed the original offenses, dictates that his sentence must begin to run from the date on which he entered in the correctional facility. Thus,

according to petitioner, his sentence should have commenced as of June 10, 1988.

The magistrate judge determined that the sentencing court's January 9, 2001 order did not vacate the December 19, 1994 judgment and commitment order. Rather, it merely modified the length of the petitioner's sentence. Accordingly, the magistrate judge concluded that the December 19, 1994 judgment and commitment order remained controlling for every aspect of the petitioner's sentence except for the length.

In reviewing <u>de novo</u> the magistrate judge's report and recommendation in light of the petitioner's objections, this Court agreed with the magistrate judge's conclusion that the January 9, 2001 order served only to modify the length of petitioner's sentence. It did not, as the petitioner assumed, vacate the December 19, 1994 judgment and commitment order in its entirety. This Court found, therefore, that the condition of the December 19, 1994 judgment directing that the term for violation of probation was to be served consecutively remained in effect. Accordingly, this Court affirmed the magistrate judge's report recommending that the petitioner's § 2241 petition and motion for equitable relief be denied. The petitioner now asks this Court to reconsider its decision to affirm.

### III. Applicable Law

The Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Relief granted under a Rule 59(e) motion is an extraordinary remedy and should be used sparingly. Id. Moreover, a Rule 59(e) motion is improper where a litigant seeks merely to re-litigate old matters; to present evidence or raise arguments which could have been brought to the court's attention before the judgment was issued; or to assert a novel legal theory that the litigant could have addressed in the first instance. Id. It is improper to use a Rule 59(e) motion "to ask the court to rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### IV. Discussion

The petitioner wishes this Court to reconsider its findings concerning the issues he raised in his § 2241 motion. The petitioner contends that this Court overlooked clear error in the magistrate judge's legal and factual analysis concerning the cumulative sentence imposed upon the petitioner and that,

5

therefore, it must reconsider its order adopting the magistrate judge's reports and recommendations to prevent manifest injustice.

In support of his claim, the petitioner presents what he characterizes as new evidence. Specifically, the petitioner has submitted a "Part B - Response" from the Warden, dated January 22, 2003, which explains the basis for the calculation of the petitioner's sentence. He has also submitted the first page of his June 26, 2000 Rule 35 motion to the sentencing court.

The petitioner first argues that this Court erred by not considering relevant policy statements of the Bureau of Prisons ("BOP") relating to the cumulative effect on sentencing calculations of time served before probation revocation. As support, the petitioner claims to present new evidence, pointing to the "Part B - Response" from the Warden. The petitioner also cites BOP policy statements which, he argues, have been ignored by this Court and the magistrate judge. However, this argument and the evidence presented in support thereof merely seek to re-litigate issues which this Court has already decided. Furthermore, the "Part B - Response" from the Warden, dated January 22, 2003, existed and was available to the petitioner at the time he filed his original petition with this Court. Consequently, this Court declines to reconsider the petitioner's § 2241 claims on the basis of this argument and this evidence.

The petitioner next contends that the magistrate judge and this Court erred in upholding the BOP's sentencing calculations because, he argues, the sentencing court's January 9, 2001 order vacated the December 19, 1994 judgment and commitment order. As support for this contention, the petitioner directs this Court's attention to first page of his Rule 35 motion, filed on June 26, 2000 in the sentencing court. The petitioner describes this document as "new evidence." He argues that because he specifically requested a total aggregate sentence of thirty years and because the sentencing judge ultimately granted his motion, then the sentencing judge necessarily vacated the December 19, 1994 judgment and commitment order. As this Court has already concluded, however, the effect of the January 9, 2001 order was not to vacate the December 19, 1994 judgment and commitment in its entirety:

> [This] Court is of the opinion that the January 9, 2001 Order merely served to modify the length of petitioner's sentence and did not serve to vacate the December 19, 1994 Judgment Order in its entirety. To conclude otherwise would require the Court to ignore the plain meaning of January 9, 2001 Order, where the only reference to the June 10, 1988 decision occurs in a clause immediately following the total term of imprisonment imposed. The Court further notes that its interpretation arises from the clear language within the four corners of the Order and the Court does not perceive a need to look to extraneous correspondences to supplant its meaning. As such, and in spite of petitioner's suggestions to the contrary, the Court finds that the condition of the December 19, 1994 Judgment directing that the term for violation of probation be served consecutively remains in effect.

(Order Adopting Reports and Recommendations of Magistrate Judge, March 12, 2007, at 4.)  Further, the evidence presented in support of this argument existed and was available to the petitioner at the time he filed his original petition.  Accordingly, this argument and this evidence fail to provide adequate grounds for this Court's reconsideration of the petitioner's claims for relief.

This Court finds that it has adequately reviewed the record to conclude that the start date of the petitioner's sentence has been accurately computed by the Bureau of Prisons.  Much of the petitioner's motion to reconsider only recasts previous arguments and asks this Court essentially "to rethink what the court has already thought through."  Because the documents the petitioner has submitted as "new" evidence could have been brought to this Court's attention before the judgment was issued and because the petitioner seeks to re-litigate an unfavorable decision on issues which this Court has already considered and adjudicated, the petitioner's § 2241 does not warrant reconsideration under Rule 59(e).

## V. Conclusion

Accordingly, for the reasons set forth above, the petitioner's motion to reconsider this Court's March 12, 2007 order adopting the reports and recommendations of the magistrate judge and denying petitioner's § 2241 motion and motion for equitable relief is hereby DENIED.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1) and 4(a)(4)(A)(iv). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. See 28 U.S.C. § 2253(c)(certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 28, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE